UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN F. ROBINSON,

        Plaintiff,

                              CASE NO. 2:22-CV-10752

v.                            HON. DENISE PAGE HOOD

WILLIAM H. CRAWFORD,

        Defendant.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

## I.    INTRODUCTION

Genesee County Jail inmate Calvin F. Robinson ("Plaintiff") has filed a pro se combined civil rights complaint pursuant to 42 U.S.C. § 1983, mandamus complaint, and petition for a writ of habeas corpus.  In his complaint, Plaintiff challenges his state criminal proceedings asserting that defense counsel was ineffective in advising him to take a plea.[1]  He also states that he has several motions for relief from judgment pending before the trial court.  He names Genesee County Circuit Court Judge

---

[1] Plaintiff pleaded no contest to attempted assault with intent to commit great bodily harm less than murder or by strangulation and was sentenced to two years imprisonment in 2020.  *See* Offender Profile, Michigan Department of Corrections  Offender Tracking Information System ("OTIS"), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=637518.  State records indicate that Plaintiff is a probationer, but Plaintiff states that he is currently confined at the Genesee County Jail.

William H. Crawford as the sole defendant in this action and requests that this Court order the trial court to reopen his case and set aside his conviction. The Court has granted Plaintiff leave to proceed without prepayment of the filing fees for this case. For the reasons stated herein, the Court dismisses the civil rights complaint and mandamus complaint, severs the habeas petition, and concludes that an appeal cannot be taken in good faith.

## II.    DISCUSSION

### A.    Civil Rights Complaint

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service upon a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, or employees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also

allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

In his civil rights complaint, Plaintiff challenges the validity of his state criminal proceedings. A claim under 42 U.S.C. § 1983, however, is an appropriate remedy for a state prisoner challenging a condition of imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

4

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.  If Plaintiff were to prevail on his claims, his continued confinement would be called into question. Consequently, his civil rights complaint is barred by *Heck* and must be dismissed.

### B.    Mandamus Complaint

Plaintiff also seeks mandamus relief in this case.  Complaints for a writ of mandamus are subject to the screening functions of 28 U.S.C. § 1915.  *See Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001) ("The PLRA applies to mandamus petitions that seek relief analogous to civil complaints under 42 U.S.C. § 1983."); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (finding petitions for a writ of mandamus are included within the meaning of the term "civil action" as used in § 1915).

Mandamus actions in federal court are governed by 28 U.S.C. § 1361.  That statute provides:  "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."   28 U.S.C. § 1361.  By its terms, the statute only applies to officers or employees of the United States and does not apply to state officials or employees.  *See Haggard v. Tennessee*, 421 F.2d 1384,

1386 (6th Cir. 1970) ("federal courts have no authority to issue writs of mandamus to direct state courts or judicial officers in the performance of their duties"); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law").  Consequently, the Court lacks subject matter jurisdiction to issue a writ of mandamus as to the state court judge named as a defendant in this case.  *See, e.g., Hooker v. Michigan*, No. 3:20-CV-12411, 2020 WL 6118490, *2 (E.D. Mich. Oct. 16, 2020) (citing cases and dismissing mandamus complaint against state officials for lack of jurisdiction). Plaintiff's mandamus complaint must therefore be dismissed.

### C.    Habeas Petition

Plaintiff also seeks habeas review in this case.  To the extent that he wishes to pursue such claims, he must bring them in a properly filed federal habeas action pursuant to 28 U.S.C. § 2254 after exhausting available state court remedies.  Courts do not allow hybrid civil rights/habeas actions because the requirements for proceeding in a civil rights action in federal court differ from those in a habeas action, including the proper defendants, the filing fees, the applicable statutes of limitation, and other procedural prerequisites.  *See, e.g., Davis v. Washington*, No. 2:21-CV-129, 2022 WL 855269, *4 (W.D. Mich. March 23, 2022) (citing cases and reasons for not

allowing such combined actions); *Winburn v. Gidley*, No. 2:18-CV-10271, 2018 WL 783489, *2 (E.D. Mich. Feb. 7, 2018) (severing civil rights claims from habeas action); *Sheppard v. Michigan Parole Bd.*, No. 16-CV-12257, 2016 WL 5369600, *2 (E.D. Mich. Sept. 26, 2016) (same).  Plaintiff may not circumvent those requirements by filing a joint or hybrid action.  *See Foster v. Kassulke*, 898 F.2d 1144, 1148 (6th Cir. 1990) ("Section 1983 should not be used to make an end run around habeas corpus procedures.").  Plaintiff's habeas petition is thus subject to severance and non-prejudicial dismissal.

## III.   CONCLUSION

For the reasons stated, the Court concludes that the Plaintiff fails to state a claim upon which relief may be granted in his civil rights complaint, that the Court lacks jurisdiction as to his mandamus complaint, and that his habeas petition must be severed from this case.  Accordingly, the Court **DISMISSES** the civil rights complaint and the mandamus complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)[2] and **SEVERS** and **DISMISSES WITHOUT PREJUDICE** the habeas petition.

Lastly, the Court concludes that an appeal from this decision cannot be taken

---

[2]This dismissal of the civil rights complaint is without prejudice to any claims Plaintiff may bring challenging his state criminal proceedings in a habeas action or in a civil rights action should his conviction be overturned or otherwise declared invalid.  The dismissal of the mandamus complaint is with prejudice.

in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  This case is closed.

      **IT IS SO ORDERED**.


                              s/Denise Page Hood                        
                              DENISE PAGE HOOD
                              UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2022